MEMORANDUM OPINION



No. 04-02-00446-CR



Ricardo Lira ROSAS,


Appellant



v.



The STATE of Texas,


Appellee



From the 38th Judicial District Court, Uvalde County, Texas


Trial Court No. 01-03-9993-CR


Honorable Charles Sherrill, Judge Presiding



Opinion by: Karen Angelini, Justice


Sitting: Sarah B. Duncan, Justice

 Karen Angelini, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: January 22, 2003


AFFIRMED

 Ricardo Lira Rosas was convicted of sexual assault of a child and sentenced to twenty years
imprisonment. On appeal, Rosas argues that the evidence was insufficient to support his conviction.
We overrule Rosas's issue and affirm the judgment of the trial court.

Background


 On March 17, 1999, C.C. was fourteen years old when Rosas, her mother's live-in boyfriend
of ten years, (1) approached C.C. and led her to the bedroom he shared with C.C.'s mother. Rosas then
disrobed C.C. and penetrated her vagina with his penis. Rosas told C.C. that if she told anyone about
the assault, he would kill her father. About two days later, Rosas again sexually assaulted C.C. in the
same manner. C.C. became pregnant. At trial, C.C. testified that Rosas is the father of her child.
DNA evidence was also admitted in evidence and showed that the probability of Rosas being the
biological father is 99.9 percent, that is, it is 2,310,000 times more likely that Rosas is the father than
someone taken randomly from the general population. 

Sufficiency of the Evidence


 We review legal and factual sufficiency of the evidence under the usual standard of review.

 Section 22.011(a)(2)(A) of the Texas Penal Code provides that a person commits an offense
if the person intentionally or knowingly causes the penetration of the anus or female sexual organ of
a child by any means. Tex. Pen. Code Ann. § 22.011(a)(2)(A) (Vernon Supp. 2002). Given the
testimony of C.C. and the DNA evidence presented at trial, the evidence is clearly legally sufficient
to support a conviction under section 22.011(a)(2)(A). Although C.C. admitted that she had
previously told her mother and others that a man from Mexico was the father of her child, it is
understandable that she made these statements given Rosas's threats and his status as her mother's
boyfriend. And, while the DNA evidence does not conclusively show that Rosas is the father C.C.'s
child, it is 99.9% probable that he is indeed the father. We, therefore, conclude that the evidence is
factually sufficient. The jury's verdict is not contrary to the overwhelming weight of the evidence as
to be clearly wrong and unjust. 

Conclusion


 Having found the evidence sufficient, we affirm the judgment of the trial court.


 Karen Angelini, Justice


Do not publish
1. Rosas was fifty-seven years old at the time of the incident.